457 F.2d 940
 Cynthia WHITLEY et al. (original plaintiffs), and Judith
Lewis, a minor, by her mother and next friend,
Mrs. Tenetha Lewis, et al., Appellants,
and United States of America
(Plaintiff-Intervenor),
v.
The WILSON CITY BOARD OF EDUCATION et al., Appellees.
 No. 71-1843.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 5, 1972.
Decided March 21, 1972.
 
 Adam Stein, Charlotte, N. C. (J. Le-Vonne Chambers, and Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., and Conrad O. Pearson, Durham, N. C., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on brief), for appellants.
 Z. Hardy Rose, Wilson, N. C. (Lucas, Rand, Rose, Meyer, Jones & Orcutt, Wilson, N. C., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and BRYAN, WINTER, CRAVEN, BUTZNER, RUSSELL, and FIELD, Circuit Judges, sitting en banc.
 PER CURIAM:
 
 
 1
 The factual background of this school desegregation case is sufficiently stated in our opinion on the prior appeal, Whitley v. Wilson City Board of Education, 4 Cir., 427 F.2d 179, filed May 26, 1970. Pursuant to our order of remand, the school board prepared a plan of desegregation and submitted it to the district court at a hearing scheduled for June 15, 1970. At first the district court tentatively approved the plan, subject to review by the Department of Health, Education and Welfare, but on July 8, 1970, having had no report from HEW, the district court, on its own motion, refused to approve the proposed plan as to grades one through seven.
 
 
 2
 The present appellants, designated below as plaintiff-intervenors, a group of black children residing within the school board's jurisdiction, moved for leave to intervene in the action on July 29, 1970. The motion was allowed ex parte and a complaint was filed on behalf of these appellants on that day. On September 3, 1970, the school board submitted a plan for grades one through seven which was approved by the district court. This plan for the elementary grades, together with the previously approved plan for grades eight through twelve, was implemented for the school year 1970-71 and is not attacked as an insufficient compliance with the constitutional mandate to desegregate the schools. Indeed, this appeal by plaintiff-intervenors is a very limited one.
 
 
 3
 Appellants urge upon us that it was error for the district court to refuse to order the school board to file desegregation progress reports with the court. We think the question is now mooted. Counsel agree that the board is required to file a report in October of each year with the Department of Health, Education and Welfare. It is not suggested that the HEW report is inadequate or insufficient in scope and content to permit surveillance of desegregation progress. The school board is willing to file a copy with the court and furnish a copy to appellants. On remand, the district court will enter an appropriate order requiring the school board to make available to appellants and to the district court copies of all reports that are submitted, from time to time, to the Department of Health, Education and Welfare.
 
 
 4
 Appellants insist that the district court erred in denying their prayer for the award of counsel fees. In the court below, the appellants sought counsel fees on the ground that the school board had "acted in bad faith before and during this litigation." The district judge found the bad faith charge "to be without substantiation." He expressed the opinion that this school board "was without definitive judicial instructions as to how conversion to a unitary school system was to be accomplished until long after this action had been instituted," noting that this board actually operated a bussing plan prior to the judicial sanction of such a technique in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). He further found that "there is nothing in the record to suggest that the defendants at any time were acting on anything other than the advice of competent counsel given in good faith." With respect to the contribution of counsel for plaintiff-intervenors, the district court found that the extent to which their efforts were of assistance "is open to question." In his memorandum of decision the district judge had this to say about it:
 
 
 5
 The case had been pending almost a year when their clients were permitted to intervene, and the plan for desegregation of the Wilson schools originally proposed by the defendants (and unopposed by the original plaintiffs) had already been rejected ex mero by Judge Larkins. Just five weeks after the entry into the case of the plaintiff-intervenors the defendants submitted and obtained the approval of Judge Larkins to the plan which is now in operation. There is nothing to indicate that the plaintiff-intervenors ever objected to this plan or offered one of their own.
 
 
 6
 We think that his findings and conclusions are not clearly erroneous, and that his failure and refusal to award counsel fees was not an abuse of discretion.
 
 
 7
 Affirmed, but with instructions.
 
 WINTER, Circuit Judge (concurring specially):
 
 8
 I join in the portion of the opinion which directs the entry of an order to require the School Board to make its reports to the Department of Health, Education and Welfare available to the School Board and to the appellants.
 
 
 9
 Because the district judge found in effect that the contribution of counsel for plaintiff-intervenors toward the transition to a unitary system was de minimis and because I accept this finding, I join in the judgment sustaining the disallowance of counsel fees. Cf. Brewer v. School Board of the City of Norfolk, Virginia, 456 F.2d 943 (4 Cir., 1972) (Winter, J., concurring specially).